■ In the Matter of JAMES GUY, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated June 13, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for public assistance in the home relief category. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent State commissioner for a new hearing and determination in accordance herewith. After a hearing, it was determined that petitioner was not entitled to public assistance because the income and resources of petitioner's "wife" were found to be applicable and available to meet the needs of both. At the hearing, both petitioner and the female of the couple testified that they were never in fact married, but admitted that they have been living together for 31 years and have publicly and continuously represented themselves as husband and wife. Documentary evidence was also introduced to show that the "wife" had adopted petitioner's last name, including two bank inquiry reports indicating three accounts in the name of "Gladys Guy", petitioner's application for public assistance signed by "Gladys Guy" as "wife", a judgment on default against "James Guy" and "Gladys Guy", and an attorney's closing statement listing "Gladys Guy and James H. Guy" as plaintiffs in a legal action. In the absence of any proof that a ceremonial marriage ever took place, we find that the evidence was insufficient to prove that petitioner was legally married. Respondents have therefore failed to sustain their burden of

proving the existence of a valid marriage (see 15 NY Jur, Domestic Relations, § 59). Section 101 of the Social Services Law imposes the responsibility of support of a person in need upon, *inter alia,* a spouse. Since "Mrs. Guy" is not the legal spouse of petitioner, she is not obligated to support him under that section. Subdivision (a) of section 352.31 of the Regulations of the State Department of Social Services (18 NYCRR 352.31 [a]) sets forth the procedure for determining the income and resources available to an applicant when the applicant is living with a person to whom such applicant is not married. Since "Mrs. Guy" testified that she is unable and unwilling to support petitioner, the applicable provision is 18 NYCRR 352.31 (a) (3) (iv), which provides: "When the person is unwilling to assume responsibility for the applicant or recipient or his or her children and there are no children for whom such person is legally responsible, such person shall be treated as a lodger. The amount received by the applicant or recipient in excess of $15 per month from a lodger, or in excess of $60 per month from a boarding lodger, shall be considered as income to the applicant or recipient, unless such applicant or recipient documents that the actual out-of-pocket expenses incurred in providing the room for the lodger exceed $15 per month, or that such expenses for room and board for the boarding lodger exceed $60 per month. If documented expenses exceed $15 or $60, actual expenses shall be allowed and the excess considered income to the applicant or recipient." It is unclear from the record whether petitioner is currently receiving any moneys from "Mrs. Guy". Since "Mrs. Guy" must be treated as a lodger under 18 NYCRR 352.31 (a) (3) (iv), the instant matter must be remanded for a new hearing to verify the amount, if any, "Mrs. Guy" pays to petitioner and to treat the same as income in accordance therewith. Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.